

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2007

# Muhammad v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Muhammad v. Beard" (2007). *2007 Decisions.* Paper 1072.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1072

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-214                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4897
_____

CARLOS MUHAMMAD,

Appellant

v.

SECRETARY JEFFREY A. BEARD; SUPERINTENDENT ROZUM; UNIT
MANAGER MR. ORR
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00093J)
District Judge: Honorable Kim R. Gibson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 3, 2007

Before: SLOVITER, CHAGARES and GREENBERG, Circuit Judges

(Filed:   May 23, 2007)
_____

OPINION
_____

PER CURIAM

        Carlos Muhammad appeals from the District Court's grant of summary judgment

in favor of Appellees Secretary Jeffrey A. Beard, Superintendent Rozum and Unit

Manager Mr. Orr.  Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

On April 28, 2006, while incarcerated at SCI Somerset, Muhammad filed a complaint in the District Court pursuant to 42 U.S.C. § 1983 against the Appellees. Muhammad alleges that he was "repeatedly subjected" to another inmate's second-hand cigarette smoke by Orr, who allegedly "kept [Muhammad] in the cell after [he] asked repeatedly to be removed."[1]  (Compl. at 4.)  He seeks an order awarding him compensation for his alleged physical and mental injuries in the amount of one million dollars.  (Id.)

Appellees filed a motion to dismiss or, in the alternative, a motion for summary judgment on September 25, 2006, asserting inter alia as a basis for dismissal that Muhammad did not exhaust available administrative remedies.  (Mot. to Dismiss or for Sum. J. at 2.)[2]  The District Court, adopting a magistrate judge's recommendation to

---

[1]  Specifically, Muhammad claims that he "complained of second-hand smoke to [the] unit manager, Mr. Orr" but received no response.  In describing the further review he sought, Muhammad alleges only that he "asked Mr. Orr several times to remove me from that cell."  (Compl. at 3.)

[2] In support, the motion included as Exhibit C a signed, sworn declaration of Administrative Officer II Tracy Pollock of the Grievance Review Office of Pennsylvania's Department of Corrections.  Pollock described her office as responsible for conducting the final review of inmate grievances as part of the state's prisoner grievance process, and stated that she is responsible for "reviewing grievance records of appeals."  (Decl. at 1.)  The declaration described in detail the three-step grievance process, and concluded with Pollock's statement that while she did not know whether Muhammad had completed the first or second stages of the grievance procedure, "he did not file a grievance on this issue with the Secretary's Office of Inmate and Grievance

which Muhammad did not object, treated the motion as one for summary judgment, granted it, and entered judgment for the Appellees in a November 13 order. Muhammad filed a timely notice of appeal.[3]

Our review of the record makes clear that Muhammad's appeal lacks any arguable basis in law. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This rule means that "prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level," Williams v. Beard, – F.3d –, 2007 WL 973953, *2 (3d Cir. Apr. 3, 2007)(citing Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006)); see also Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004)(prisoner must exhaust grievance process "before coming to federal court"), including the inmate grievance process outlined in Pennsylvania's Grievance System. Spruill, 372 F.3d at 232. Exhaustion is required even if the relief sought cannot be granted by the administrative process. Woodford, 126 S. Ct. at 2382-83. As described in a sworn statement attached to Appellees' motion as "Exhibit A," the procedure required by the Grievance System includes initial review of a filed grievance, a first appeal to a facility manager, and a final appeal to the Office of Inmate Grievances

Appeals for final review (Step 3)." (Id. at 4.)

[3] We have jurisdiction over Muhammad's appeal from the District Court's final order pursuant to 28 U.S.C. § 1291, and our review is plenary. See Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004).

and Appeals. (Decl. at 1.) <u>See also</u> Commw. of Pa. Dept. of Corr., Inmate Grievance System, DC-ADM 804.

Muhammad had only completed one step of the grievance process by the time that he filed his complaint on April 28, 2006. By his own account, his efforts to obtain redress consisted only of complaining repeatedly to Mr. Orr, and Pollock's sworn declaration confirmed that the grievance appeal process had not been completed. As the magistrate judge noted in his Report and Recommendation as adopted by the district court, "there is nothing in the record to rebut the [Appellees'] representation that [Muhammad] has failed to exhaust the available administrative remedies." (Report and Recommendation at 3.) Because he did not exhaust his remedies within the prison, Muhammad could not proceed with this action in federal court. <u>See</u> 42 U.S.C. § 1997e(a); <u>Woodford</u>, 126 S. Ct. at 2382-83.

In sum, Muhammad's complaint is barred by his failure to exhaust available administrative remedies. We will dismiss his appeal under § 1915(e)(2).